[S. F. No. 5582.    In Bank.—May 26, 1910.]

## THOMAS MANNIX, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

APPEAL — STAY OF EXECUTION.— JURISDICTION OF SUPERIOR COURT.— Though after an appeal is perfected from a judgment of the superior court that court does not have general power to stay the execution, yet if upon such appeal execution has been stayed by a sufficient undertaking, the superior court has power to compel the sheriff to respect and observe the stay of execution given by the statute.

ID.—INSUFFICIENT BOND—ORDER STAYING WRIT NOT PRESUMED—PRO-
HIBITION.—Where the bond on appeal is less than the amount of the
judgment, the superior court has no authority to order a stay of
execution; but it cannot be presumed that it would make such order,
in the absence of any showing of facts, to sustain a petition for a
writ of prohibition.

ID.—PROPOSED AMENDMENT OF PETITION FOR PROHIBITION — PROPER
DENIAL. — *Held,* that a proposed amendment to the petition for
the writ of prohibition to prevent a stay of execution was properly
denied where it merely proposed to allege that no such defective
undertaking has been filed, and it merely has the effect to show,
without further facts, that the lower court cannot be about to order
a stay of execution, at least until such inadequate undertaking has
been filed and an application for such stay of proceedings has been
made to it.

ID.—CASE FOR PROHIBITION NOT SHOWN.—Upon the facts stated the
case does not call for the interposition of the authority of this court
by way of prohibition.

APPLICATION for Writ of Prohibition to the Superior
Court of the City of San Francisco.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Naylor & Riggins, for Petitioner.

THE COURT.—The application to amend the petition for a
writ of prohibition is denied.

After an appeal is perfected from a judgment of the su-
perior court, that court does not have general power to stay
the execution.   It may be admitted, for the purposes of this
case, that if, upon such appeal, an undertaking on appeal in
double the amount is given as provided in section 942 of the
Code of Civil Procedure, the superior court would have power
to compel the sheriff to respect and observe the stay of execu-
tion thereupon given by the statute.   We cannot suppose, how-
ever, even if it has such power, that the superior court would
order the sheriff to stay proceedings on an execution to enforce
a judgment for four thousand dollars upon the filing of an un-
dertaking on appeal in the sum of $2666.66.   Such an order
would doubtless be without authority.   But the proposed am-
endment shows that no such undertaking has been filed and
hence that the lower court cannot be about to order a stay of
the proceedings as apprehended, at least until such inadequate

undertaking has been filed and an application for such stay of proceedings has been made to it. Upon the facts stated, the case does not call for the interposition of the authority of this court by way of prohibition.